BUILDING SUPPLIES & ROOFING COR-
PORATION v. HAYNES.

No. 2155.

Court of Appeal of Louisiana.
First Circuit.

Nov. 9, 1940.

Rehearing Denied Dec. 12, 1940.

Chas. W. Wilson, Jr., of Baton Rouge, for appellant.

Laycock & Moyse, of Baton Rouge, for appellee.

DORE, Judge.

This is a suit involving a dispute as to the ownership of a strip of real estate, 7 feet by 55⅓ feet, in the City of Baton Rouge. The plaintiff alleges that it is the owner, by reason of purchase for value, of a certain fractional lot of ground, with buildings and improvements thereon, situated in the City of Baton Rouge, in Suburb Bonnecaze, measuring 55⅓ feet front on the North side of Government Street by a depth between parallel lines of 75 feet, and supports its petition by authentic acts showing an unbroken chain of title back from it to August Joyce. It is shown by the allegations in the petition that the said August Joyce, prior to December 2, 1890, owned a lot of ground measuring 55⅓ feet front on Government Street by a depth between parallel lines of 120 feet, being Lot 11, Square 1 of Suburb Bonnecaze, and that on that date he sold the Southern 75 feet of said property to one C. D. Favrot, and that thereafter the property descended in an unbroken chain to plaintiff. The petition alleges further that the northern 45 feet was thereafter acquired from August Joyce by the Louisiana State Bank in Liquidation as shown by Sheriff's deed referred to, and that thereafter this residue of the Joyce property descended by unbroken chain to Mary Jane Haynes, the defendant; that notwithstanding the fact that defendant thereby acquired only the northern 45 feet of said lot, she is now occupying a strip 7 feet south of the southern line of her property; that is, 7 feet of the northern end of plaintiff's property. Plaintiff prays that, after due proceedings had, there be judgment in its favor recognizing it as the true and lawful owner of the southern 75 feet of said lot, and as such, entitled to the full and undisturbed possession thereof, and particularly the northern 7 feet of said 75 feet, and ordering the defendant to deliver possession thereof.

The defendant excepted to plaintiff's petition, averring that she and her authors in title had been in open, actual, peaceable and undisturbed possession of the 7-foot strip in dispute for more than thirty years, and that consequently plaintiff's claim was barred under the prescription of thirty years.

The plaintiff thereupon excepted to the prosecution of the plea of prescription of thirty years, on the ground that defendant was seeking to avail herself of the alleged possession of August Joyce, their common author in title, and that she was estopped from doing so by virtue of the "Estoppel by Warranty."

Thereafter, answer was filed by defendant reiterating its plea of prescription of thirty years. The case was submitted to the Court on the testimony adduced and offerings made at trial of the plea of prescription of thirty years, and on an agreed statement of facts between the parties litigant. The District Court resolved the dispute in favor of plaintiff, decreeing it to be the true and lawful owner of the southern 75 feet of Lot 11, Square 1, or 216, Suburb Bonnecazes, City of Baton Rouge, and particularly the northern 7 feet thereof, and directing the defendant to deliver possession of said property to plaintiff. The defendant has appealed, again urging her plea of thirty years prescription.

The lower Court did not support its judgment with a written opinion and we therefore do not have his finding of facts. However, from a review of the record, it appears that the pertinent facts and the situation revealed are as follows:

On December 2, 1890, August Joyce was the owner of Lot 11 of Square 1 (or 216) of Suburb Bonnecaze in the City of Baton Rouge, which lot measured 55⅓ feet front on Government Street by a depth of 120 feet. On that date Joyce sold the northern 75 feet of this lot to C. D. Favrot and continued to occupy, not only the remaining 45 feet, but also an additional 7 feet on the north end of the 75 feet sold to Favrot, which, it appears, was separated from the remainder of the 75 feet by a fence and on which a small house was partly situated. It appears that Joyce continued to occupy this 7-foot strip separated by the fence and containing the building, along with the northern 45 feet of the lot, until 1911 when he lost the property under foreclosure of a mortgage held by the Louisiana State Bank in Liquidation. The defendant acquired her property by mesne conveyance from The Louisiana State Bank in Liquidation and it is apparent that, in so far as her

chain of title is concerned, she acquired the residue owned by Joyce after his sale to Favrot. It is clear, however, that the 7-foot strip in dispute was occupied not only by Joyce until 1911, but also by his successors thereafter, including defendant, until 1937, when this suit was filed. In other words, if defendant can be permitted to tack the possession of Joyce from 1890 to 1911, or even from about 1907 to 1911, to that of his successors from 1911 to 1937, it may be that her plea of thirty years prescription is well taken, as it may well be contended that she and her predecessors prior to Joyce occupied the 7-foot strip openly and adversely to the owner of the southern part of the lot.

It does not appear, however, that the thirty-year prescription can be maintained unless it can be held that August Joyce also occupied the 7-foot strip adversely to his vendee and openly and notoriously as owner of said 7 feet of land. It may be argued that the occupation of building, which was located on the 7-foot strip, and the presence of the fence separating the strip from the remainder of the 75 feet sold to Favrot, constitute a physical indication of possession by Joyce as owner and a notice thereof to his vendee, but, in view of the fact that this physical indication was no different after the sale by Joyce to Favrot than it was before the sale, we do not feel that such argument is sound. It seems, rather, from the facts revealed by the record that Joyce retained possession of this strip after he had sold it to Favrot, not under any claim of ownership and in hostility to the ownership and possession of his vendee, but rather as a precarious possessor, or a possessor by sufferance. This is shown particularly by the fact that when Joyce mortgaged the remainder of his lot to the Louisiana State Bank, he evidently recognized the ownership in his vendee of the remainder of the lot, that is the 7 feet on the south end thereof, as he excepted that part from the mortgage. See City of New Orleans v. Shakspeare et al., 39 La.Ann. 1033, 3 So. 346.

Even though it could be said that Joyce and his successors held the 7-foot strip in open, actual, peaceable and undisturbed possession, and as owners, in view of the fact that Joyce, the common author in title, had sold the southern 75 feet to Favrot under a warranty deed prior to disposing of the residue of the lot, there would still be the serious question of whether or not es-

toppel by warranty would prevent defendant from setting up the thirty years prescription. However, it is not necessary to go into that question, since it has not been proved that Joyce ever held the 7-foot strip adversely and as owner, and hence there is no showing of thirty years adverse holding to sustain the plea of thirty years prescription.

The judgment below is therefore affirmed.